Gary Easley
18525 Old Monterey Rd. Morgan Hill, California
95037
1-408-722-6298
garyeasley@yahoo.com





ADR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE MATTER OF: | ) | Case No. **CV 18 4241 NC** |
|---|---|---|
| | ) | |
| GARY D. EASLEY (Pro-Se) | ) | CIVIL RIGHTS COMPLAINT |
| | ) | (Malicious Prosecution) |
| v. | ) | |
| | ) | 42 U.S.C. 1983 |
| CITY OF MORGAN HILL; | ) | |
| COUNTY OF SANTA CLARA; | ) | 42 U.S.C. 1985, 1986 |
| DIRECTOR OF POLICE DEPT.; | ) | |
| BOARD OF SUPERVISOR'S; | ) | |
| MORGAN HILL POLICE DEPT.; | ) | NOTICE TO JUDGE: |
| SANTA CLARA SHERIFF DEPT.; | ) | PLAINTIFF REQUESTS |
| MADISON GLOVER; CATHERINE | ) | CASE BE HELD IN ABEYANCE |
| EASLEY; ROLAND BURNEY, et. al; | ) | UNTIL ONGOING CRIMINAL |
| | / | PROCEEDINGS ARE CONCLUDED. |

INTRODUCTION:

Comes now in the United States District Court, for the Northern District of California, the Plaintiff, Gary Easley, on his own behalf. Plaintiff is seeking monetary damages for deprivations of his rights under the laws of the United States by the Defendant's named within this complaint.

REQUEST FOR STAY AND ABEYANCE UNTIL ONGOING CRIMINAL PROCEEDINGS ARE CONCLUDED.

(1) of 18

## JURISDICTION

Plaintiff brings this action to protect the rights and freedoms conferred within the United States Constitution. Jurisdiction of this action is, in part, based upon federal question jurisdiction pursuant to title 28 U.S.C. 1331, 1331(a) & 1343(a)(3) and the due process clause of art. IV of the U.S. Const.. This Court has jurisdiction over Plaintiff's claims, infra, and venue is proper pursuant to title 28 U.S.C. 1391. The complained of conduct occurred in the California 1-408 area code in Morgan Hill, Ca. This action comes before this court pursuant to 42 U.S.C. § 1983 & 28 U.S.C. §1367(a).

---

### PLAINTIFF:

1.) GARY EASLEY: - Plaintiff in the underlying action. A citizen & resident of the State of California.

### DEFENDANTS:

1.) CITY OF MORGAN HILL: - A municipal corporation, township.

2.) COUNTY OF SANTA CLARA: - A Municipality duly organized and existing by virtue of the laws of the State of California.

3.) CITY DIRECTOR OF POLICE DEPT.'s: - Laurie Smith, Ken Yeager, Bruce Cummings.Hiring & Policy supervisors for the County, Morgan Hill, MHPD & SCSD. (Board of Sup.)

4.) SANTA CLARA COUNTY SHERIFF DEPT: - Hereafter: S.C.S.D. F.)

5.) MORGAN HILL POLICE DEPT: - Hereafter: M.H.P.D.

6.) MADISON GLOVER: - A private citizen of the state of California. Resident of Morgan Hill.

7.) ROLAND BURNEY: - A private citizen of the State of California. Resident of Morgan Hill,

8.) MORGAN HILL POLICE DEPUTIES: Officer Reis. Officer Fierro. (Several other unknown officers at this time.)

9.) CATHERINE EASLEY: - A private citizen of the state of California, Morgan Hill.

10.) MRS. GLOVER – Unknown name at this time. It is believed that she this woman is the wife of Defendant Madison Glover.

(2)

## THE FACTS.

1.) Upon information and belief, that at all times hereafter mentioned, the Defendant's, Morgan Hill & the County of Santa Clara were, and still are, municipalities duly organized and existing under and by virtue of the laws of the State of California.

2.) Upon information and belief, that at all times hereafter mentioned, the City & municipality, its agents, servants and employees, maintained and controlled the Santa Clara county Sheriff Dept. & Morgan Hill Police Dept., including the Chief of Police, Internal affairs Dept., and all officers thereof.

3.) Upon information and belief, the City of Morgan Hill Police Department employed Defendant's: Officer Reis, and Officer Fierro and several other unknown police officers whose names are being investigated at the time of the filing of this complaint.

4.) Upon information and belief, that the head supervising Sheriff in charge of directing police policy and hiring for the County of Santa Clara is Laurie Smith & Ken Yeager for the Board of Supervisor's, and that Bruce Cummings is responsible for Morgan Hill city Board of Supervisors.

5.) Upon information and belief, that at all times hereafter mentioned, the People of the State of California prosecuted the cases which were delivered to them, upon information by the above named Sheriff Deputies & Municipality for the purpose to punish and penalize the Plaintiff for the alleged violations of State penal law detailed within this complaint, and that each and all of the alleged acts of the Defendant's alleged herein were done by the Defendant's, their agents, servants, and employees, as individuals under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, and county of Santa Clara, under authority of their employment with full knowledge and approval of supervisors.

(3)

## COUNT I

### FALSE IMPRISONMENT AND ARREST IN VIOLATION OF 42 U.S.C. 1983

1.) Against Officer Reis, Officer Fierro, other unknown officers, the City of Morgan Hill, the County of Santa Clara, M.H.P.D. & S.C.S.D. in their official and individual capacities. Catherine Easley. Madison Glover, his wife, & Roland Burney. The Defendant's are "person's" as that term is used in the text of section 42 U.S.C. 1983.

2.) That on or about the date of 7/13/2016, while Plaintiff was enjoying his freedom and liberty, the Defendant's committed false arrest against the Plaintiff by falsely instituting 911 calls alleging complaints that the defendants knew were not true, and for the purpose of causing the arrest of the Plaintiff. The Plaintiff was eventually physically attacked without provocation, and punched several times in the face, and beaten to an unconscious state,, tazed by a officers while he was in shackles and unable to defend himself. Without provocation. The Plaintiff was falsely imprisoned without justification and without issuance of a warrant.

3.) The officers, having real and apparent ability to cause bodily harm, used physical force and laid hands upon the Plaintiff, and continuously delivered blows with his fists, and twisted Plaintiff's arms around his back, forcing him to the ground, and in his individual and official capacity as a law enforcement officer, under color of state law, acting within the scope of his employment as an agent and servant and employee of the County of Santa Clara, unlawfully arrested the Plaintiff.

5.) The Plaintiff cannot be said to have committed the violation for which he was arrested for. Plaintiff was falsely imprisoned & arrested & deprived of his rights under the constitution. 6.) That as a result of the violations committed by the Defendant's, their agents, servants, and employees, acting under their employment and within the scope of their authority made falsely, publicly, wicked statements about the Plaintiff and instituted criminal proceedings, compelling

(4)

him to appear in Superior Court to be arraigned and initially answer to the false charges, and the Defendants continued criminal proceedings against the Plaintiff without valid cause and with malice did propagate further lies during later proceedings.

4.) That the warrantless arrest, imprisonment, and prosecution were not justified by probable \ cause or any other privilege, and that the Defendant's their agents, servants, and employees, acted under color of statute, ordinances, regulation, and customs and usages of the state of California, County of Santa Clara, and in their individual and official capacities.

5.) That the Defendant's, their agents, servants, and employees violated clearly established statutory or constitutional rights of which a reasonable person would have known would violate the rights of the Plaintiff.

6.) That the Defendant's, their agents, servants, and employees failed to properly hire, retain, train, supervise, discipline, or in an other way positively control the behavior or performances of the Defendant's, their agents, servants, and employees, and in the hiring practices in the exercises of their police functions and their failure to enforce the laws of the state of California and the United States of America, is evidence of the reckless lack of degree of due care which prudent and reasonable individuals would show in the execution of their duties.

7.) That the failure of the Defendant's, their agents, servants, and employees to properly hire, train, supervise, discipline, or in an other way positively control the Defendant's in their duties, was carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the County of Santa Clara, including the Plaintiff.

8.) That the Defendant's, their agents, servants, and employees permitted and encouraged the use of policy and/or drafted policy and/or created and executed government customs, whether written or unwritten, that were violative of the constitutional rights of the Plaintiff.

9.) A systematic pattern of conduct exists consisting of a large number of acts, illegal arrests, illegal searches and seizures, intimidations, torture, and other illegal acts of the Defendant's, their agents, servants and employees, and that the city and prosecutors have used these customs to their advantages to persecute the Plaintiff and that these illegal acts are actually encouraged and that the officials actively conceals police misconduct, and that the prosecutors, knowing that a pattern of police misconduct exists, knowingly takes advantage of said misconduct in the prosecution of citizens.

10.) Upon information and belief, that the County of Santa Clara has taken no remedial action to correct the problems alleged herein and that the internal affairs department continues to conceal the misconduct of the officer's, and that the officer's have not been investigated, and that the officers have not been punished or suspended, retrained in any way. The prosecutors continue to use police misconduct to obtain evidence, whether true or false, and to charge citizens with crimes they know they didn't commit, and the improper and illegal government behavior is both pervasive and persistent.

11.) The Defendant's actions evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

12.) That the unlawful and illegal conduct of the Defendant's, their agents, servants and employees, and each of them acting under color of state law, deprived the Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

13.) As a direct result and foreseeable consequence of these deprivations, the Plaintiff has suffered economic loss, legal expenses, physical harm, emotional trauma, loss of liberty, privacy, employment, enjoyment of life, inconvenience, and irreparable harm to his reputation.

## COUNT II

## FABRICATION OF FALSE EVIDENCE IN VIOLATION OF 42 U.S.C. 1983

1.) Against Officers Reis, Fierro (several other unknown officers) in their official capacities, the S.C.S.D & M.H.P.D., the city of Morgan Hill, the County of Santa Clara. Catherine Easley, Madison Glover is being sued in his individual and official capacity. Madison Glover, his wife, & Roland Burney. The Director of Police & Sheriff Dept., Ken Yeager (Board of Supervisor's), Cummings.

2.) Under color of law, the Defendant's named above, acting individually and in concert, produced false and misleading police reports that would and did misrepresent the truth and that would be used in a criminal proceeding instituted against the Plaintiff.

3.) Under color of law, the Defendant's named above, acting individually and in concert, concealed evidence of Plaintiff's actual innocence, and collectively inferred the existence of illegal weapons to be involved in the case which did not exist. The defendants made false 911 calls alleging that Plaintiff was making racial epithets and claimed that the Plaintiff had threatened them with a knife. At no time did such events occur, nor exist.

4.) The Defendant's actions evidenced a callous disregard and deliberate indifference to Plaintiff's constitutional rights, and denied him a right to a fair trial.

5.) Defendant's actions constituted a conspiracy under 42 U.S.C. 1983.(7)

6.) As a result of the Defendant's conduct, the Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the U.S. Const.

7.) As a direct result and foreseeable consequence of these deprivations, the Plaintiff has suffered economic loss, legal expenses, physical harm, emotional trauma, loss of liberty, privacy, employment, enjoyment of life, inconvenience, and irreparable harm to his reputation.

## COUNT III

**MALICIOUS PROSECUTION AND SEIZURE IN VIOLATION OF 42 U.S.C. 1983.**

1.) Against Officers Reis, Fierro (several other unknown officers) in their official capacities, the S.C.S.D & M.H.P.D., the city of Morgan Hill, the County of Santa Clara. Catherine Easley, Madison Glover is being sued in his individual and official capacity. Madison Glover, his wife, & Roland Burney. The Director of Police & Sheriff Dept., Ken Yeager (Board of Supervisor's), Cummings.

2.) Under color of state law the named defendants acting individually and in concert, initiated and continued criminal prosecutions against the Plaintiff on charges of violations of state penal law, including: P.C. 422 of the Ca. code, and elderly abuse.

3.) There was no probable cause for the criminal action instituted against the Plaintiff.

4.) The criminal prosecution terminated in favor of the Plaintiff.

5.) The action was malicious and evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

6.) As a result of the wrongful prosecution, the Plaintiff was seized and deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

7.) As a direct result and foreseeable consequence of these deprivations, the Plaintiff has suffered economic loss, legal expenses, physical harm, emotional trauma, loss of liberty, privacy, (8)employment, enjoyment of life, inconvenience, and irreparable harm to his reputation.

## COUNT IV

## ASSAULT AND BATTERY

1.) Against Officers Reis, Fierro (several other unknown officers) in their official capacities, the S.C.S.D & M.H.P.D., the city of Morgan Hill, the County of Santa Clara.. The Director of Police & Sheriff Dept., Ken Yeager (Board of Supervisor's), Cummings.

2.) Plaintiff hereby incorporates the information of Count I herein.

3.) On or about 7/13/2016 (during commission of the acts depicted within Count I), the Defendants, without provocation, physically attacked the Plaintiff, striking him in the face several times during false imprisonment, and to prevent its cessation, used excessive force and proceeded to administer jiu-jitsu like arm twists to Plaintiff's arms and shoulders. The defendants then proceeded to taz the Plaintiff while he was incapacited, and for amusement purposes.

4.) Plaintiff did not encourage or consent to the above detailed unlawful contacts.

5.) In doing the acts as alleged above, Defendant intended to cause or place Plaintiff in apprehension of harmful contact and did intend to, and did make a violent contact withPlaintiff's body, using excessive and unreasonable force. This also constitutes an aggravating factor to other claims.

6.) The Defendant's actions evidenced a callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights. 7.) As a proximate result of the acts of the Defendant as alleged above, Plaintiff was physically hurt & threatened and has suffered mental & emotional anguish & trauma. As a result, plaintiff has suffered general damages, and was deprived of his rights under the 4th & 14th Amendments.

## COUNT V

**VIOLATIONS OF 42 U.S.C. 1983 (MONELL V. DEPT. OF SOCIAL SERVS., 436 U.S. 658 (1978))**

1.) Against the Supervisory Defendant's: Sheriff Laurie Smith, Director of P.D. & Sheriff Dept's, Ken Yeager (Board of Supervisor's), Cummings, Sergeant Persiani, Deputies Reis, and Fierro, City of Morgan Hill, M.H.P.D. & S.C.S.D., the County of Santa Clara (in their official capacities). The above named Defendant's are "persons".

2.) Upon information and belief, the Supervisory Defendant's and other officials in the County of Santa Clara, having final policy making authority for the Santa Clara Co. and Morgan Hill Police and Sheriff Departments had contemporaneous knowledge through the chain of command that the officers of the M.H.P.D. & S.C.S.D., were conducting manipulative police arrests that violated constitutional standards, concealing evidence of Plaintiff's innocence, fabricating false evidence, making false police reports, and making false public statements regarding the Plaintiff, and also following an illegally adopted code of procedure designed to commit governmentally sanctioned religious persecution of the Plaintiff.

3.) It would have been plainly obvious to a reasonable policy maker that such conduct would lead to deprivations of Plaintiff's constitutional rights.

4.) Upon information and belief, the Supervisory Defendant's and other officials in the County of Santa Clara, nevertheless, agreed to, approved and ratified this unconstitutional conduct by the County and its officials and their subordinates in the Police & Sheriff Departments. 5.) As a direct and foreseeable consequence of these policy decisions, Plaintiff was deprived of rights under the 4th and 14th Amendments to the U.S. Const, suffered economic loss, inconvenience, physical & emotional trauma, loss of liberty, privacy, employment, reputation, enjoyment of life.

## COUNT VI

## NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE AND RETENTION BY THE SANTA CLARA COUNTY POLICE

1.) Against the Supervisory Defendant's, The Director of Police & Sheriff Departments, Laurie Smith, Ken Yeager, Bruce Cummings. (Board of Supervisor's) Deputies: Reis, Fierro, (other unknown individuals), the City of Morgan Hill, the County of Santa Clara. S.C.S.D. & M.H.P.D.

2.) At the time of the events alleged, each of the Supervisory Defendant's, and other Defendant's named above, including the County of Santa Clara, owed Plaintiff a duty to use due care in the hiring, training, supervision, discipline, and retention of the Santa Clara County Police personnel.

3.) The Supervisory Defendant's negligently supervised the Police personnel Defendant's and failed to provide proper training, and failed to outline proper procedure to them in various respects relating to the appropriate conduct of criminal investigations, including by way of example: a.) the appropriate chain of command in law enforcement activities; b.) the proper way to pre-plan an arrest prior to attempting its execution;c.) the proper way to collect and store and report of evidence; d.) investigatory procedures; e.) proper protocol on why not to fabricate false evidence;g.) proper anger management training, and training on how to refrain from violent behavior while conducting law enforcement activities; h.) training on why not to commit governmentally sanctioned religious persecution by following an illegal code of procedure; i.) proper way to not tamper with crime scenes so as to ensure that justice may prevail. 4.) In committing the aforementioned acts or omissions, each supervisory Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.5.) As a direct and foreseeable consequence of

these acts, Plaintiff was deprived of rights under the 4th & 14th Amendments to the U.S. Const. & suffered economic loss, legal expense, inconvenience, physical & emotional trauma, loss of liberty, privacy, employment, reputation, & enjoyment of life.

## COUNT VII

### ABUSIVE CONSPIRACY IN VIOLATION OF 42 U.S.C. 1983, 1985, 1986

1.) Against Madison Glover, Catherine Easley, Roland Burney, Officer Reis, Officer Fierro (individual and official capacities). City of Morgan Hill, M.H.P.D. & S.C.S.D., County of Santa Clara & the Supervisory Defendants. The above named Defendant's are "person's" as that term is used within the meaning of section 42 U.S.C. 1983 & 1985.

2.) Under color of state law, the above named Defendant's conspired and entered into express, and or, implied agreements, understandings, and meetings of the minds among themselves for the purposes of depriving, either directly or indirectly, Plaintiff of his Constitutional rights to target him for false arrest, fabricate false evidence, and illegally orchestrate a pre-textual criminal prosecution and seizure, in bad faith, and by following an illegal code of procedure to commence governmentally sanctioned religious persecution of the Plaintiff.

3.) That the Defendant's did conspire together in one respect to web Plaintiff into the system of the state, thereby weakening his general constitutional rights for future violations which were to be conducted by cohorts and by following an illegal code of procedure for no other reason than spiteful ill will.

4.) That because of the unlawful and illegal conspiracy commissioned by the Defendant's, their agents, servants, and employees, and each of them acting under color of law, the Plaintiff was deprived of his constitutional right to be informed of the true andactual nature and cause of the accusations against him pursuant to the Sixth Amendment.

5.) The Defendant's actions evidenced a callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights. Defendant's had a duty not to violate the Plaintiff. 6.) The above discriminatory actions having been committed by Defendant's was a definitive act not authorized by the legal process employed. 7.) As a result of the Defendant's actions, the Plaintiff was deprived of his rights under the First, Fourth & Fourteenth Amendments to the United States Constitution. 8.) As a direct and foreseeable consequence of these deprivations, the Plaintiff has suffered economic loss, legal expenses, physical and emotional harm, inconvenience, spiritual estrangement, loss of liberty, privacy, employment, enjoyment of life, and irreparable harm to his reputation.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS 42 U.S.C. 1983

1.) Against Madison Glover, Mrs. Glover, Catherine Easley, Roland Burney (in their individual and official capacities) Officer Reis, Officer Fierro, the City of Morgan Hill, the County of Santa Clara, the M.H.P.D. & S.C.S.D., Defendant's are "person's" as that term is used in the text of section 42 U.S.C. 1983.(13)

2.) Plaintiff hereby incorporates all information from all previously submitted counts.

3.) The Defendant's, in committing the outrageous acts detailed win those previous counts, did intentionally inflict upon the Plaintiff emotional distress, acting under color of law.

4.) Actions evidenced a callous disregard and deliberate indifference to Plaintiff's rights, and were acts not tolerable in a civilized society and caused Plaintiff much emotional trauma.

5.) As a result of the Defendant's conduct, the Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

6.) As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical and emotional harm, inconvenience, loss of liberty, privacy,

employment, enjoyment of life, and irreparable harm to his reputation. Plaintiff has incurred expenses associated with defending against the unlawful criminal proceedings initiated and sustained by the Defendant's.

DISCUSSION - Section 42 U.S.C. 1983 permits an individual whose federal statutory or constitutional rights have been violated by a municipality and/or a public official acting under color of state law to sue the official for damages. "Monell v. Dept. of Social Services of New York", 436 U.S. 658 (1978). See also: "Owens v. Haas", 601 F.2d 1242 (2nd Cir. 1979). In a case where a Plaintiff is alleging the Defendant's to have abused the Court system to achieve governmentally sanctioned religious persecution & discrimination conspiracies it is important for the Court to remain a neutral party, and allow a jury of theDefendant's peers unfettered ability to be presented with and decide the allegations made against them. The rights conferred within the First Amendment, to be free from religious persecution, thus stand "as an expression of principle of the part of the Founders of our Constitution that religion is too personal too sacred, too Holy, to permit its unhallowed perversion by a Civil Magistrate". Quoting: "Engel v. Vitale", 370 U.S. 421, 432 (1962). (emphasis added) Another purpose of the necessity of the above mentioned right rests "upon an awareness of the historical fact that governmentally established religions and religious persecutions go hand and hand". Engel, id at 432. Hence, the existence or non-existence of a conspiracy is "… a factual issue that the jury, not the Judge, should decide". "Adickes v. Kress & Co.", 398 U.S. 144, 176 (1970).

RELIEF BEING SOUGHT

Wherefore, to redress the injuries proximately and directly caused by Defendant's conduct as stated above, and to prevent the substantial risk of irreparable injury to other persons in the County of Santa Clara as a result of the policies, customs, practices, and supervisory misconduct alleged herein, Plaintiff hereby requests the following relief: The issuance of an Order and

Permanent Injunction that:

1.) appoints an independent monitor (the monitor), to be determined by the Court, who shall oversee certain activities of the Santa Clara County Sheriff Department and of the M.H.P.D., for a period of no less than 10 years, and shall report to the Court on an annual basis regarding Defendant's compliance or non-compliance with the terms of the permanent injunction;

2.) authorizes the monitor to establish, review, and enforce all policies applicable to the management of the Santa Clara Police Department's;

3.) provides the monitor with the authority to hire, fire, and promote all Santa Clara officials, including the Chief of Police, if non-compliance occurs;

4.) establishes an independent citizen Police Review Committee, composed of three (15) members selected by the Court, which shall review and hear publicly complaints of misconduct by Santa Clara County against Police personnel and make recommendations to the monitor as to innocence or discipline.

COMPENSATORY DAMAGES: Because of the actions having been concocted by the Defendant's in this action, the Plaintiff is seeking the following compensatory damages from the Defendant's: A.) Damages as compensation for constitutional deprivations; physical and emotional harm, inconvenience, past and future economic loss, loss of privacy, employment, enjoyment of life, spiritual estrangement, irreparable harm to reputation; and expenses associated with defending against criminal proceedings initiated and sustained by Defendant's unlawful conduct as to all counts; B.) Damages in an amount to be established at trial to punish Defendant's for outrageous conduct pursued out of actual malice that recklessly and callously Disregarded and was deliberately indifferent to Plaintiff's constitutional rights, to discourage them from engaging in similar conduct in the future and to deter other similarly situated from engaging in similar misconduct.

## CERTIFICATE OF SERVICE

I, Gary Easley, am the Plaintiff in the above entitled legal action. I am over the age of 18. On the date listed below, I mailed a true copy of this document titled "second amended complaint" to the U.S. District Court for the Northern District of California, Office of the filing clerk of Court,., 286 S. First St. San Jose Ca, by inserting it into a package into the U.S.P.O. in Morgan Hill, Ca. (postage pre-paid). Another true copy of this document was sent to the following parties by inserting the document into an envelope and placing it in the drop box at the Morgan Hill post office, postage pre-paid: California 95110-1770.

Respectfully submitted, *Gary Easley*

Date 7-13-2018            Name *Gary Easley*